Parker, J.,
delivered the opinion of the Court.
In this action, which is indebitatus assumpsit for a number of saddle-trees, the defendant has pleaded in abatement that he never promised, except jointly with one John Minot, and issue was joined upon that plea. A verdict appears to have been taken by consent, and then the evidence is reported to the Court, and a motion for a new trial is made.
* Whether the ground of this motion is that the verdict is against law, or against evidence, does not appear. No objection was made to the admission or rejection of any evidence, or to any opinion of the judge at the trial; for, indeed, none seems to have been given. The only light, therefore, in which this case can be viewed upon the motion before the Court, is as an agreed statement of facts, from which is to be inferred the point in issue, viz., whether this promise, charged upon the defendant, was a sole promise of his own, or a joint promise with Minot. Now, this is so clearly a question of fact, that I see no propriety in the Court’s Seing called upon to decide it.
The affirmative of this issue is to be proved by the defendant; and the evidence reported may possibly have been satisfactory to a jury, to establish the fact; and had the verdict been rendered in common form, after a trial, it would not probably have been disturbed. But there is nothing so decisive and incontrovertible in the evidence, as to require that the verdict should be established, under the circumstances which attend it.
From the whole evidence, it appears that the purchase of the saddle-trees was made by Smith of the plaintiffs; that although a particular copartnership existed between Smith and Minot, yet there is no evidence that this fact was known to the plaintiffs, or that the saddle-trees were furnished on the credit of the copartnership. Now, in order to discharge the defendant of this action, it ought to have appeared, not only that a copartnership did exist, uut either that it was known particularly to the plaintiffs, or that it was so notorious that they must be presumed to have known it. For notwithstanding a copartnership, either of the copartners may, undoubt *115 edly, contract on his own account, and make himself alone liable for merchandise bought for the copartnership account, if the vendor chooses to accept him.
But, besides the want of evidence on the part of the defendant, the facts proved show that the charge against him * alone was conformable to the terms of the copartnership relied upon in the defence. Smith, the defendant, was to purchase the stock, and Minot was to do the .work. The articles sued for were intended for stock; and although the plaintiffs, notwithstanding this division, could have charged both of them as copartners, had they been knowing to the fact, yet it does not follow that the defendant himself has a right to set up his copart nership against a demand, which he ought, upon principles of justice, and the terms of his own contract, to discharge. (a)

New trial granted.

 [See Gow on Partnership, p. 194—196, and cases there cited. — Cary on Partnership, 127. — Dubois vs. Ludert, 1 Marsh. 248. — 5 Taunt. 609. — Ed.]