### FREDERICK AMBLER vs. BUNGAN BRADLEY.

In the action on book, it is the duty of the auditor to consider all charges due and payable at the time of adjustment, although they may not have been payable at the commencement of the suit.

A, owning a mill, agrees with B to work it and divide the gross earnings equally. A and B are not partners—B's share being only a compensation for his labor.

A debt due to A & B jointly, may, by mutual consent of debtor and creditors, be severed, so as to render the debtor liable to either separately for his share.

This was an action on book. Exception was taken to the auditor's report, with respect to two items only of the plaintiff's account. With respect to the first, the objection was, that the plaintiff had given a credit on the charge, which had not expired at the bringing of the suit, but had expired at the time of the audit. As to this, the defendant insisted, that it could not legally be allowed. The other item was a charge for sawing lumber, which arose under the following circumstances:

The plaintiff was the owner of a saw-mill, and had agreed with one Wells to work the mill, and the plaintiff and Wells were to receive each one half of the gross earnings of the mill, while worked by Wells. The sawing charged for, was due under this arrangement. After the sawing was done, it was agreed between the parties, that one half the amount should be paid to Wells, and the other half to the plaintiff. In pursuance of this agreement, the defendant paid one half to Wells, and the plaintiff charged the residue in account, which is the charge in question. The defendant objected to this, that it was properly a joint claim in favor of the plaintiff and Wells, and not proper to be considered by the auditor. The county court rejected the claim, which left nothing due to the plaintiff, and gave judgment for the defendant. To this the plaintiff excepted.

After argument by
*Peck for plaintiff,* and
*Briggs for defendant,*

CHITTENDEN,
January,
1834.

Ambler
vs.
Bradley.

The opinion of the court was pronounced by

PHELPS, J.—Upon the first point raised in this case, it is unnecessary to inquire what would be the effect of the objection, were the item in question the only charge against the defendant. In this case the parties had a running account exclusive of the disputed item, and other claims existed at the commencement of the suit, proper to be litigated. Supposing then that the term of credit had not expired when the suit was brought, but had expired at the time of the audit, should it be taken into the account?

The statute (Rev. Laws, p. 143) is peremptory, and requires the auditor to adjust the account, up to the time of the audit. This item being then due, the auditor should have included it, notwithstanding that the credit had not expired at the commencement of the suit. This provision of the statute is in conformity with the common law. In actions of account, the account is always adjusted up to the time of taking it. This results from the object of the suit, which is to ascertain and recover the balance due. There would certainly be no propriety in making a false balance, to be rectified by an after suit, or in giving judgment against a party not in arrear. Besides, the adjustment of the account is in the nature of the assessment of damages, where interest, payments, &c. are adjusted to the time of judgment.

As to the other point, the objection is ill-founded in fact. The plaintiff and Wells were never partners in the business of the mill.—They never shared in profit and loss. The share which Wells received was a mere compensation for his labor. This point has been often determined.

But admitting that plaintiff and Wells were joint creditors of the defendant, it was still competent for the parties to sever the claim. It seems they did so by mutual consent; and the payment to Wells of his share completed the severance. After this, Wells had no interest in the residue; but it was due to the plaintiff alone. The authorities cited by the counsel abundantly support this position.

The judgment of the county court is reversed, and judgment rendered for the plaintiff.