GRAND ISLE, JOSEPH BOWMAN, THOMAS HODGSON and PHILIP CUMMINGS
   *January,*
    1838.                    *v.* JOHN W. BAILEY.

> To constitute a partnership, there must be an agreement to share in the
>   profit and loss of the business.
> Where one party furnishes a boat, and the other sails it, an agreement to
>   divide the gross earnings does not constitute a partnership.
> To recover for freighting done under such an agreement, it is not neces-
>   sary that all the owners of the boat be made plaintiffs, if they were not
>   all parties to the agreement.

THIS was an action of book account, brought in the County
Court, and judgment to account having been rendered there-
in, an auditor was appointed, who reported ;—that in the
spring of the year 1835, two of the plaintiffs, viz. Bow-
man and Hodgson, and one Jeremiah Hall, were owners
of a canal boat, each owning one third ; that the boat
being out of repair, Bowman and Hodgson repaired it, at
their own expense, and made a contract with the plaintiff,
Cummings, to sail said boat during the season of that year,
by the terms of which the said Cummings was to pay all the
necessary expenses of sailing said boat, and of taking and
carrying freight, and the said Bowman and Hodgson were to
have one half of the earnings of the boat, and the said
Cummings the other half, each party losing one half of
all bad debts made in the business, and each paying one half
of all other losses ; that plaintiff, Cummings, sailed said boat
agreeably to said contract, and, after the close of navigation,
the receipts of cash and other property were divided between
said parties, including all demands due for freight which
were considered good, leaving the bad and doubtful ones for
a future division, if collected ; that the account against the
defendant, to recover which this suit was brought, was one of
the doubtful demands not divided ; that the defendant con-
tracted with Cummings to freight the goods for which the
defendant is charged ; that it did not appear, that the defen-
dant, at the time of making the contract, knew who owned
the boat, but it did appear, that while the first freight,
charged by the plaintiffs, was being received on board of
said boat, the defendant was present, and also the plaintiffs,
Bowman and Hodgson, and at that time the defendant tried
to prevail upon Bowman and Hodgson to let the boat go
through to Troy or New York, with the freight then taken

on board ; that it did not appear that Hall, the other part owner of the boat, either affirmed or disaffirmed the contract, made by Bowman and Hodgson with the plaintiff Cummings, though it was generally known on Isle La Mott, where the plaintiffs resided, that Hall owned a part of the boat ; that there was no dispute as to the amount of the plaintiffs' claim ; that, if they were entitled to recover in this action, the sum of $36,52 was admitted to be due, and the auditor found that sum due from the defendant to the plaintiffs. The county court accepted the report of the auditor, and rendered a judgment thereon, in favor of the plaintiffs, and the defendant excepted.

GRAND ISLE,
January,
1838.

Bowman et al.
v.
Bailey.

*G. Harrington*, for defendant.

There is one of two conclusions that cannot be avoided. Hall should have joined in the suit, or it should have been brought in the name of Cummings alone. *Graham et al.* v. *Robertson*, 2 T. R. 282.

The fact, that it did not appear whether the defendant knew or did not know who the owners were until after the bargain was made, could not affect the question. The act of one partner, relating to the vessel, was the act of all. Law merchant, 428, 432, 100, 103, 104.

The non-joinder of Hall was properly taken advantage of before the auditor. *Loomis* v. *Barritt*, 4 Vt. R. 450. *Hilliker* v. *Loop*, 5 Vt. R. 116.

The question of nonjoinder and misjoinder of parceners, tenants in common, and joint owners, always has been whether each might sue for his proportion, or whether all must join, but not whether part could sue for the whole debt as in this case. Archbold's Pleadings, 56, 57.

*G. W. Foster*, for plaintiffs.

Joint owners are not always partners, and the mere fact of joint-ownership, can never be evidence of a partnership, nor that the owners of property have a direct interest in all contracts made relating to it. In this case, Hall was not a party to the contract made with Cummings, nor to the one made with the defendant, and there being no partnership in the business in which Hall had any interest, he ought not to be joined with the other plaintiffs in the suit.

The opinion of the court was delivered by

PHELPS, J.—The plaintiffs cannot be considered as part-

ners, strictly speaking. They did not share in the profits and loss of the business, in the sense in which the terms are used as constituting the criterion of partnership. The terms, when used in reference to this subject, denote the ultimate profit or loss of the operation. Here the plaintiffs were to divide the gross earnings of the boat, without reference to the usual and customary expenditures. Such a connection has been repeatedly held not to constitute a partnership. They were indeed to share equally in the loss occasioned by bad debts, but this would merely render it necessary to substitute the word receipts for earnings. They were also to share equally in losses ; but by this, we do not understand the ordinary expenses of the business, but something accidental and contingent. Now, in settling the account between these persons, no reference would be had to ultimate profit or loss ; but Cummings would be entitled to one half the receipts, as a compensation for his services and expenses, in running the boat, and the plaintiffs to the other half, for the use of the same. The sharing equally in the risk of contingencies would not, of itself, make their connexion a partnership. The case falls within the decision in *Boardman* v. *Keeler*, 2 Vt. R. 65. But although the plaintiffs were not partners, yet they were jointly and equally interested in the contract with the defendant, and are, therefore, competent to sustain a joint action. They were all to be benefitted by the contract, and all acted as ostensible parties to it. Under these circumstances, it is not important whether they are strictly partners or not. It is objected, that, in this view of the case, Hall should also have been joined. But this, by no means, follows. He appears, indeed, to have been a part owner of the boat, but he was no party either to the contract between the plaintiffs, or to that between the plaintiffs and defendant. Nor had he any direct interest in either. He might call his co-tenants to account for the use of the boat, but he could have no claim to the avails of either contract as a party to it.

The judgment of the County Court must, therefore, be affirmed.