FOR THE

## COUNTY OF GRAND ISLE.

JANUARY TERM, 1849.

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. DANIEL KELLOGG, } Assistant Judges.
Hon. HILAND HALL,

JAMES TOBIAS *v.* WASHINGTON BLIN.

The defendant contracted with the plaintiff, who was the owner of a sloop on Lake Champlain, that he would employ the sloop in freighting, and would be at all the expense of labor for loading and unloading and for sailing and managing the vessel, and would pay to the plaintiff one half of the gross receipts for a specified time, and the plaintiff agreed, that he would be at the expense of making all necessary repairs upon the vessel; and it was held, that this did not create a partnership between them, nor give them a joint interest in the earnings of the vessel, but that an indebtedness was created from the defendant to the plaintiff, to be measured by the amount of business done, and that the plaintiff might recover of the defendant, in an action on book account, one half of the amount received by the defendant for freighting during the time.

The right to recover, in an action upon book account, cannot be defeated by the form, merely, in which the charge is made.

The plaintiff leased a sloop to E., with an agreement between them, that E. should do such freighting as the plaintiff might desire, and the amount should be applied upon account between them. E. leased the sloop to the defendant. Subsequently the plaintiff, being ignorant that the defendant had any interest in the sloop, gave E. an order upon a third person, for lumber and directed him to transport it to Whitehall. E. delivered the order to the defendant, and he performed the service. The defendant did not call upon the plaintiff for payment for the freighting, nor make any charge for it to the plaintiff, nor did the plaintiff know, that it was performed by the defendant, until the plaintiff had given credit to E. and had settled with him therefor. *Held*, that the defendant could not afterwards recover of the plaintiff for the freighting.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows.

The two first items of the plaintiff's account were for one half of the earnings of a sloop, from September 10, 1838, to November 23, 1838. The plaintiff, on the sixth of September, 1838, was the owner of a sloop, then lying in Burlington Bay, and the defendant was a sailor, accustomed to navigating Lake Champlain ; and it was then agreed between them, that the defendant should employ the sloop in the business of freighting for the remainder of the season, and be at all the expense of labor and help in loading and unloading and in sailing and managing the vessel, and do the best business he could, and pay to the plaintiff one half of the earnings, and that the plaintiff should make all necessary repairs upon the sloop. Under this agreement the defendant took possession of the sloop, and did freighting with her, in his one name, during the remainder of the season, for which he received $299,60. The auditor allowed to the plaintiff one half of this sum, being $149,80, with interest. The other items of the plaintiff's account were disallowed by the auditor.

The defendant presented an account in offset, the first item of which was for freighting boards for the plaintiff in July, 1838, under these circumstances. In the spring of 1838 the plaintiff delivered the same sloop to one Everts, under an agreement, that if Everts should pay the plaintiff a certain sum, by the time and in the manner agreed upon, the sloop should be the property of Everts, but that, on failure so to pay, the plaintiff might resume the possession of the sloop ; and it was at the same time agreed between them, that Everts should do all the freighting the plaintiff might

69

want during the season, and that the same should be applied on the contract between them. In July, 1838, the plaintiff delivered to Everts an order upon one Gould for a quantity of lumber, and directed him to transport it to Whitehall,—supposing that he would do so, and that it would apply upon the contract between them. But previous to this the defendant had hired the sloop of Everts, and was then sailing her on his own account; and Everts, soon after he received the order on Gould from the plaintiff, delivered the order to the defendant, and the defendant obtained the lumber and transported it to Whitehall. The plaintiff was then ignorant of this arrangement between Everts and the defendant; and the defendant did not claim from the plaintiff payment for such freighting, until after the plaintiff had credited the same to Everts and had settled his account with him; nor did the defendant ever make any charge to the plaintiff for this freighting, until the hearing before the auditor; and the plaintiff never promised to pay the defendant for such freighting. This item was disallowed by the auditor. The other items of the defendant's account were allowed by the auditor at $101,04; and the auditor reported, that there was a balance due to the plaintiff, amounting, with the interest thereon, to $69,24.

The county court accepted the report, and rendered judgment thereon for the plaintiff, for the balance reported due by the auditor. Exceptions by defendant.

*L. Underwood* for defendant.

The action of book account is not the proper action. The remedy is by action of account at common law, charging the defendant as bailiff and receiver. By the contract each was to have one half of the proceeds of the vessel. They were tenants in common, and had a joint interest in the freight, and might bring a joint action to recover it. If merchandise, or other property, had been received by the defendant for freight, it would have been the joint property of both; and if it had all been appropriated by the defendant, book account would not lie for it. The sum to which the plaintiff is entitled is one half of the ultimate balance, after deducting all losses for bad debts, or otherwise, or by accident; and the ascertaining of this amount involves a settlement, not only of the amount received for freight, but for all losses by the negligence of the defendant,

and also for what he might, with ordinary care and diligence, have earned and received ;—for the case shows, that " he was to do the best business he could." To settle these questions book account will not lie. *Albee* v. *Fairbanks*, 10 Vt. 314. *Ganaway* v. *Miller*, 15 Vt. 152. *Swift* v. *Raymond*, 11 Vt. 323. *Bishop* v. *Doty*, 1 Vt. 37. *Stedman* v. *Gassett*, 18 Vt. 350. *May* v. *Williams*, 3 Vt. 239. Where the action of account will lie, book account is not the proper remedy ; they are not concurrent remedies, nor can they be joined. 3 Vt. 239. 10 Vt. 314. 11 Vt. 152. 15 Vt. 323.

The first item in the defendant's account should have been allowed. The labor was performed by the defendant for the plaintiff, and for his benefit, and the law implies a promise to pay ; and it can make no difference, that the plaintiff has paid some one else, without the knowledge or assent of the defendant.

*W. W. White* for plaintiff.

The plaintiff and defendant were not partners, nor was the defendant the bailiff and receiver of the plaintiff; but the money and property, if any, received by the defendant as the earnings of the sloop, must be deemed to be his sole property. The plaintiff, by the terms of the agreement, was to have one half of the earnings of the vessel, without regard to the expense of sailing, and without reference to losses. It follows, that the form of the contract was the method resorted to by the parties to fix upon the amount of rent the plaintiff should receive for the use of his vessel. *Boardman* v. *Keeler et al.*, 2 Vt. 65. *Dry* v. *Boswell*, 1 Camp. 329. *Mattocks* v. *Lyman et al.*, 16 Vt. 113. *Ambler* v. *Bradley*, 6 Vt. 119. The entire contract having been performed, nothing remained, at the commencement of this action, but for the defendant to pay to the plaintiff a sum equal to one half of the earnings of the sloop. The defendant failing to pay, the plaintiff could maintain *indebitatus assumpsit* to recover the amount. *Wilkins* v. *Stevens*, 8 Vt. 214. *Mattocks* v. *Lyman et al.*, 16 Vt. 113. *Wilkinson* v. *Frasier*, 4 Esp. R. 182. Book account and the action of account are concurrent remedies in a numerous class of cases ; *Hall et al.* v. *Peck et al.*, 10 Vt. 474 ; and it is a general rule, that the action on book will lie, where *indebitatus assumpsit* can be sustained. *McLeran* v. *Stevens*, 16 Vt. 616.

The disallowance of the first item in the defendant's account was correct. The facts negative any presumption of an implied contract. There was no privity of contract between the plaintiff and defendant.

The opinion of the court was delivered by

ROYCE, Ch. J. As the plaintiff's counsel has not urged the right to recover for those items in the account, which were disallowed by the auditor, we shall consider the claim as limited to the two first items of the account. It is contended, that for these items there can be no recovery in this form of action. The objection is, that the plaintiff and defendant were partners in the earnings of the vessel; or, at least, that the defendant was but the bailiff and receiver of the plaintiff, in respect of those earnings, and not his debtor in the ordinary sense of that term. And if either of these propositions is sustained, it must be conceded, that the plaintiff has mistaken his remedy. But as the contract is stated by the auditor, we are satisfied, that it did not create a partnership. Upon the most favorable construction for the defendant, it would be a contract to divide the gross earnings, and not to share in the ultimate profit and loss. We think, however, that a division by the two parties was not contemplated, but that the defendant bound himself to pay to the plaintiff a moiety of the earnings, and that simply as a compensation for the use of the vessel. Such a relation between parties comes far short of a partnership. *Benjamin* v. *Porteus*, 2 H. Bl. 590. *Wilkinson* v. *Frasier*, 4 Esp. 182. *Dry* v. *Boswell*, 1 Camp. 329. *Bradley* v. *Ambler*, 6 Vt. 119. *Bowman et al.* v. *Bailey*, 10 Vt. 170.

The second ground of objection to this remedy would seem to suppose a joint interest in the earnings of the vessel, though it might not amount to a partnership interest. But that was by no means a necessary result from the contract. Indeed, we consider, that the entire interest was in the defendant, until he should sever the earnings and pay to the plaintiff the one half. And so the defendant probably understood it, as he conducted the business, and made all the contracts for freighting, in his own name. Instead, then, of a joint interest being created, an indebtedness arose, to be measured by the amount of business done. And in this view it does not follow, that this form of action must be denied as a competent remedy,

Tobias *v.* Blin.

though the action of account in the common law form should also be deemed appropriate. *Hall et al.* v. *Peck et al.*, 10 Vt. 474.

The case is supposed in argument, of other property than money having been received by the defendant. In that event, if the property were divisible, he had only to deliver to the plaintiff one half of it ; and if not divisible, he could probably have discharged himself by conveying to the plaintiff an undivided half. But if he did nothing in either case, but to appropriate the whole to his own benefit, he would render himself liable, as in other cases of non-payment.

No substantial difficulty arises in this case from the manner in which the charges were made, nor as to the time when the right to charge accrued. The plaintiff ought, in strictness, to have charged the use of his vessel, fixing the sum with reference to the amount of the defendant's receipts in the business, instead of charging the receipts directly, as he has done. But this is matter of form merely, and cannot be allowed to affect the result of the case. *Stone* v. *Pulsipher*, 16 Vt. 428. The proper time for charging the use of the vessel was doubtless at the end of the sailing season.

We think it obvious, that the first item in the defendant's account was properly disallowed. It is needless to inquire, how the claim might be considered, did it appear that the defendant originally gave credit to the plaintiff as his debtor for transporting the lumber, and that the plaintiff was apprised of that fact before he settled with Everts. For, as all this is negatived by the report, it would be manifestly unjust to permit the defendant now to cast a liability for that service upon the plaintiff, and thus compel him to pay a second time.                    Judgment of county court affirmed.