JOHN T. GRIFFITH & CO. *v.* BUFFUM & AINSWORTH.

If one partner purchase property upon his individual credit, for the use of the firm, and the vendor is not aware of the existence of the partnership, he may, when he discovers it, hold the firm liable for the price.

A. and B. agreed to work together in the business of manufacturing marble. B. was to furnish the marble, and A. was to pay him one half of the cost of it. B. was to board A., and both were to contribute their labor and skill in the business, and the products and avails of the business were to be equally divided between them. *Held,* that they became partners, as between themselves.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

In September, 1845, the defendants agreed between themselves, that they would work together in the manufacture of marble; that Buffum should furnish the marble for manufacturing, should contri-

bute his own labor, and should board Ainsworth; that Ainsworth should devote his labor and skill to the business and should pay to Buffum one half of the cost of the marble, which Buffum should furnish for manufacture; and that the products and avails of the business should be equally divided between them. Under this contract the defendants prosecuted the business until the spring of 1846, and from time to time divided the avails of their business, and finally settled and closed the business between themselves, agreeably to the terms of their contract. The plaintiffs' account was for marble. The amount charged in the first item was contracted for by Buffum alone, before the defendants entered into their agreement above mentioned, but was delivered afterwards, and was wrought and sold by the defendants, under their agreement. The marble charged in the remaining items of the plaintiffs' account was purchased by Buffum alone, after the agreement was made between him and Ainsworth, and was manufactured by the defendants, and the avails were divided between them, pursuant to their agreement. In the final settlement between the defendants Ainsworth accounted to Buffum for one half of the cost of the marble so purchased of the plaintiffs. While conducting their business the defendants twice purchased marble of other persons, and paid therefor in one instance by their promissory note, and in the other by property, which they owned together; and the marble thus purchased was manufactured and the avails equally divided between them. The plaintiffs, at the time of selling the marble, with the exception of that charged in the first item of their account, knew that the defendants were at work together, but did not know upon what contract they were so doing, until after the conclusion of their business. Upon these facts the auditor submitted to the court the question as to the joint liability of the defendants.

The county court, April Term, 1848,—HALL, J., presiding,— rendered judgment for the defendants, upon the report. Exceptions by plaintiffs.

*Cook, Harrington* and *Ross* for plaintiffs.

1. The defendants are jointly liable as partners. The effect of the agreement between them was, that each should share equally, not only in all the profits of the business, but also in the expenses

and losses. Chit. on Cont. '240. *Kellogg* v. *Griswold*, 12 Vt. 291. 3 N. H. 64. Whether they were partners as to others may be determined from their conduct. If they so conducted their business, as to make themselves liable as partners in respect to third persons, it is not material, whether their contract would make them partners *inter se*, or what their agreement was in fact. *Stearns* v. *Haven et al.*, 14 Vt. 540. *Kellogg* v. *Griswold*, 12 Vt. 291. *Bailey* v. *Clark*, 6 Pick. 372.

2. Partners are all liable for articles furnished for the benefit of the firm, and which are so used by the firm, although the vendor suppose himself dealing with and giving credit to an individual partner, and although the articles furnished be a particular kind of stock used in their business, which it was expressly agreed between them one of the partners should furnish on his separate account. *Reynolds* v. *Cleveland*, 4 Cow. 282. *Sylvester* v. *Smith*, 9 Mass. 119. *Dix* v. *Otis*, 5 Pick. 38. 3 Kent 26. *Sims* v. *Willing*, 8 S. & R. 103. 1 Esp. N. P. 116. *Everitt* v. *Chapman*, 6 Conn. 347. *Woodward* v. *Winship*, 12 Pick. 430.

*D. E. Nicholson* for defendants.

The defendants were not partners in respect to any part of the subject matter reported by the auditor, either by virtue of the contract between themselves, or the manner of their subsequently conducting their business. Although they might have been partners as between themselves and any other person, or even the public generally, the manner of the purchase and disposition of the marble in question would not make them jointly liable to the plaintiffs, of whom Buffum alone made the purchase. And Ainsworth, having paid Buffum, who was the only person with whom he contracted, should not be held responsible to the plaintiffs, with whom he never contracted. Story on Part. §§ 45–50.

The opinion of the court was delivered by

HALL, J. The question for our decision is, whether, upon the facts reported by the auditor, the defendants are properly chargeable with the marble slabs sold and delivered by the plaintiffs to the defendant Buffum.

There seems to be no doubt, that if one partner purchase prop-

erty upon his single credit, for the use of the partnership concern, and the seller is not aware of the existence of the partnership, he may, when he discovers it, have the benefit of the partnership liability. The ground of making the partnership firm liable is, that the property having been obtained for their joint benefit and to enable them to make a common profit, it is but just, that they should be jointly liable to pay for it.

It is doubtless essential to the validity of such a claim by the vendor, that the partnership should have been unknown to him at the time of the sale; for if he were aware of the partnership, or ignorant of it through his own fault, he would be presumed to have made his election to give credit to the individual instead of the firm, and, having made such election, would be bound by it. 3 Stephens' N. P. 2402.

· It is not claimed on the part of the defendants, that the plaintiffs had any knowledge, that they were partners. The existence of such partnership is denied, and the question is, whether the defendants were in fact partners.

It is true, that two or more persons may be made liable to third persons as partners, when, as between themselves, they are really not so. But such liability only arises, when third persons have trusted to their credit,—have parted with their property upon the faith of the acts or declarations of the supposed partners, indicating that they were such. In this case the plaintiffs were not deceived by any false appearances; they gave no credit to the firm, but trusted Buffum only;—and if Ainsworth is to be made liable, it can only be, because he was really and truly a partner with Buffum.

In order to constitute a partnership between the parties themselves, it is necessary, that they should have a common interest in the profit and loss of the business, in which they are engaged. It is not essential, that each should furnish a share of the capital, or property, which is to become the stock or subject matter of the business of the partners. One may furnish the capital, or stock, and another contribute his labor and skill. And if it be agreed between the parties, that one shall furnish on his own account a particular kind of stock to be used in the business, yet, if when purchased it becomes the subject of labor and skill, and in its altered state is to be sold for the common benefit, it constitutes a partnership business;

and if such particular kind of stock be purchased on his own account by the party, who is, by the agreement, to furnish it, yet the seller, on discovering the partnership, may make the firm chargeable for it. This position is sustained by many authorities referred to in the argument. 3 Kent 26. *Sylvester* v. *Smith*, 9 Mass. 119. *Everitt* v. *Chapman*, 6 Conn. 347.

In the present case the parties agreed to work together in the business of manufacturing marble. Buffum was to furnish the marble and Ainsworth to pay him one half of the cost of it. Buffum was to board Ainsworth, and both were to contribute their labor and skill in the business; and the products and avails of the business were to be equally divided between them. We think, the parties became strictly partners, as between themselves. Whatever the manufactured articles should sell for, above the cost of the materials and labor bestowed upon them, would be profits, which the parties were to share in common; and if the sale should be for less than such cost, the parties would suffer a loss, which would fall equally on both. The defendants thus having a common interest in the profit and loss of the business, and the marble charged in the plaintiffs' account having been used by the defendants in such business, we think they are liable for it as partners.

The judgment of the county court is therefore reversed, and judgment is to be rendered for the plaintiffs for the amount of their account, as reported by the auditor.