GEORGE S. MASON *v.* JEREMIAH POTTER.

*Jurisdiction. Copartnership. Practice.*

Where the claim presented by the plaintiff exceeds $100, it must be regarded as his book, within the meaning of the statute; and the fact that he fails to prove the claim fully before the auditor, or that it was not upon plaintiff's book, will not effect the question of jurisdiction, unless it appears that a portion of the claim was merely fictitious.

When a case is recommitted to an auditor, it is matter of discretion with him, whether to require the parties to go over anew the whole trial, or not; but if the purposes of a recommitment were for a new trial, and the auditor improp erly refuses to try the case anew, the proper place to set the matter right, is in the county court.

The defendant contracted with the plaintiff, to furnish wool for hat bodies, and to peddle or sell the same, and charge nothing for his time or expenses in so doing; the plaintiff was to manufacture the wool into hat bodies, and charge nothing for his time while engaged in the manufacture; and each were to pay one half the expense of extra work, wood, and wear of the machinery, and the defendant after selling the hat bodies was to retain enough out of the proceeds to pay the cost of the wool, and the profits, after deducting the cost of the the wool, were to be divided between them; *it was held*, that this did not create a partnership between the parties. *Tobias* v. *Blin*, 21 Vt. 544.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported substantially the following facts.

That in the fall of 1844, the plaintiff and defendant entered into a contract for the manufacture and sale of hat bodies; that the defendant was to furnish the wool for the hat bodies, and to peddle or sell the same after they were manufactured; that he. was to charge nothing for his time while engaged in the sale; that each was to pay one half of the expense of extra labor, wood, and use and wear of the machinery; that plaintiff was to manufacture the wool into hat bodies, and charge nothing for his time while so engaged; that the defendant, after selling the hat bodies, was to retain from the proceeds the cost of the wool, and the profits, after paying for the wool, were to be. equally divided between the parties.

The counsel for the defendant insisted that these facts made out a partnership, and that book account could not be sustained; and filed a motion to dismiss for want of jurisdiction.

Mason *v.* Potter.

The county court accepted the report, and rendered judgment for the plaintiff for $96.

Exceptions by defendant.

*B. F. Bailey* and *Geo. F. Edmunds* for defendant,

Insisted that the facts found by the auditor constitute a partnership between the parties, and cited in argument, Story on Part. 20 § 16–24.   3 Kent's Com. 24, 25, 26.   Collyer on Part. § 18. 16 Johns. 34.   17 Maine 180.   *Brown* v. *Cook*, 3 N. H. 64. *Green* v. *Beesely*, 2 Bing. New Cas. 108.   *Everett* v. *Chapman*, 6 Conn. 347.   *Fremont* v. *Coupland*, 2 Bing. 170.   *Griffith* v. *Buffum*, 22 Vt. 181.     *Champion* v. *Bostwick*, 18 Wend. 175. *Reid* v. *Hollinshird*, 4 Barn. & Cres. 867.

They also insisted that the motion to dismiss should have prevailed, for want of jurisdiction, and that plaintiff's claim, in fact, was below $100.

*Underwood & Hard* for plaintiff,

Cited as to the question of jurisdiction, *Nichols* v. *Packard*, 16 Vt. 91.   *Stone* v. *Winslow*, 7 Vt. 338.

They also insisted that the facts reported by the auditor do not show a copartnership between the parties.   *Clement* v. *Hadlock*, 13 N. H. 185.   *Bowman* v. *Baily*, 10 Vt. 170.   *Dana et al.* v. *Cabot*, 6 Met. 82.   *Rice* v. *Austin*, 17 Mass. 197.   *Cutler* v. *Windsor*, 6 Pick. 325.   *Turner* v. *Bissel*, 14 Pick. 192.   *Loomis* v. *Marshall*, 12 Conn. 69.   *Bradley* v. *White*, 10 Met. 303.   *Mussey* v. *Whitney*, 10 Johns. 226.   *Kellogg* v. *Griswold*, 12 Vt. 291. *Tobias* v. *Blin*, 21 Vt. 544.

The opinion of the court was delivered by

REDFIELD, Ch. J.   I. There can be no doubt the debit side of the plaintiff's claim, as presented, which for purposes of determining the jurisdiction, has long been regarded as his book, within the meaning of the statute, did exceed $100, and that the county court, therefore had jurisdiction.   The fact that the claim was not fully proved before the auditor, or that it was not upon the plaintiff's book, unless it appeared that it was merely fictitious, would not justify the court in dismissing the case, for want of jurisdiction.

II. The auditor, on the case being recommitted, had undoubtedly a discretion, whether to require the parties to go over anew the whole trial, or not. In some cases, that would be proper, and in others not. · If the auditor improperly refused to try the case anew, when such was the purpose of the recommitment, the proper place to set the matter right, was in the county court. As that court was satisfied with the course the auditor took, we must suppose he did as they required, when the case was recommitted. Such a question could not ordinarily come before this court on error, or by exceptions.

III. In regard to the question whether book account will lie, or the action should more properly be account, it becomes of less importance, perhaps, inasmuch as, if the case is opened, and referred to the auditor again, the statute of 1852, would undoubtedly govern the case so far as it is applicable to it. A statute in regard to the mode of trial expressed in general terms, as this is, affects pending suits, as much as any other. And that statute seems to provide, that any matter of account may be tried in an action of book account.

We might indeed, if fully satisfied that this was a partnership transaction between the parties, reverse the judgment, and proceed to render such a judgment as the county court should have rendered upon this report. But for one, the objection being merely technical, if the statute has now removed it, so that the transaction could now be adjusted in this form of action, I should choose, as matter of discretion, to recommit the case, rather than drive the party to a new action, if it were needful to do so, in order to save the rights of the parties.

But we do not consider that the plaintiff and defendant were partners between themselves, whatever might be their liability to third persons. It seems to us to be a case coming clearly within the class of cases, in our reports, which has now become pretty numerous, where the parties had a joint interest in the gross earnings, but not in the loss, or in the net proceeds of the adventure exactly.

Here the defendant was bound, at all events, to pay half the cost of extra work, wear of machinery, wood and oil. This was a proper debt, and might be charged and recovered without reference to the sales. Then the defendant does not seem to have

had any claim upon the plaintiff for loss. He could take pay for the wool out of the avails of the sale of the hat bodies, and whether this deduction was to be made on each sale, or upon the whole amount collected is not very distinctly shown. Nor is it very material perhaps. It is clear that the defendant had no claim upon the plaintiff for it. If anything were realized above the cost of the wool, half of it went to plaintiff as a virtual compensation for the labor he had expended upon it. It seems, in principle, like many cases in this state and elsewhere. *Bowman* v *Bailey*, 10 Vt. 170. *Ambler* v. *Bradley*, 6 Vt. 119. *Boardman* v. *Keeler*, 2 Vt. 65. The case of *Tobias* v. *Blin*, 21 Vt. 544, seems enough like the present to have a controlling effect upon its determination. The cases certainly are very similar. The case of *Griffith* v. *Buffum*, 22 Vt. 181, undoubtedly resembles the present case in many important particulars, but is by no means in conflict with the decision here made. The case of *Kellogg* v. *Griswold*, 12 Vt. 291, is in its principles more analogous, as it seems to us.

Judgment affirmed.