HON. ASAHEL PECK,
HON. BENJAMIN H. STEELE,  } ASSISTANT JUDGES.
HON. JOHN PROUT,

---

JOSEPH R. PARKER *v.* JAMES BRYANT AND JOHN F. BRYANT.

*Book Account.*

The plaintiff and D., having fulfilled a contract of labor for the defendants, agreed to divide the amount to be received therefor between them, and the defendants agreed to pay the plaintiff his share. *Held*, that it not being found by the auditor that the plaintiff and D. were partners, the plaintiff could recover for his share in an action on book.

BOOK ACCOUNT. The auditor reported as follows, viz: "That in 1858 and 1859 John L. Drury made a parol contract with the defendants whereby Drury was to 'jigger' out for the defendants a

quantity of chair stock, and that soon after the agreement was made the plaintiff became associated with Drury in said contract. In April, 1859, when Drury and the plaintiff had jiggered out the chair stock under said contract, the plaintiff's share of the pay for the labor under said contract was ascertained to be forty-six dollars and ninety-nine cents, which sum, by agreement between Drury, the plaintiff, and the defendants, the defendants were to pay to the plaintiff.

" This sum, $46.99, is made the first item of the plaintiff's account, and was charged on book at or about the time of the settlement under the contract aforesaid.

" Prior to the time of making said settlement, and in the spring of 1857, the plaintiff and one Lawrence of the one part, and the defendants of the other part, made a parol contract whereby the defendants were to furnish the timber and the plaintiff and Lawrence to perform the labor in manufacturing a quantity of bobbins, which the plaintiff and Lawrence had been requested to furnish for a business firm in Nashua, for and at a price then stated.

" By the terms of said contract the defendants were to receive as their share of the pay one-third of the whole sum received for the bobbins in Nashua, and the plaintiff and Lawrence the remaining two-thirds, less the expense of transportation. In consequence of the failure of said firm, who had ordered the bobbins, the bobbins were not sold at the time anticipated, or at the time of the settlement under the Drury contract, the plaintiff expressed willingness to have the said sum of $46.99 applied towards the payment of the defendants' share of the value of the bobbins, but the defendants did not so apply it.

" In June, 1858, the plaintiff, Lawrence and the defendants put the bobbins into the hands of P. N. Wiley, of Weston, with instructions that he should sell them and pay to the defendants one-third of the whole sum received for them in market, and the balance, after paying freight and other expenses, to the plaintiff and Lawrence.

" Wiley, in June, 1859, sold the bobbins to the same firm in Nashua, who first ordered them, and for the same price at which they were originally contracted, and paid the defendants one-third part of the

whole sum received for them in Nashua, and the balance, after pay-
ing freight and other expenses, to the plaintiff and Lawrence, the
said sum of $46.99 being in no way applied."

The court, at the December Term, 1866, BARRETT, J., presiding,
rendered judgment on this report for the largest sum, ($69.88,)—to
which the defendants excepted.

*S. Fullam,* for the defendants.

*George L. Fletcher* and *Gilbert A. Davis,* for the plaintiff.

The opinion of the court was delivered by

PROUT, J. The testimony in this case relates to the item of
$46.99 which the auditor allowed the plaintiff. This claim origin-
ated out of the performance of a contract made by John L. Drury,
at the time stated in the report of the auditor, by which he was to
" jigger out," as it is expressed, for the defendants a quantity of
chair stuff. Soon after this contract was made the plaintiff became
associated with Drury in its performance. Upon its fulfilment by
Drury and the plaintiff, the claim arising under it was, in effect, sev-
ered as between the plaintiff and Drury.—the plaintiff's share of the
claim being the amount of the item in dispute, which, by agreement
between Drury and the plaintiff, was to be paid, and which the
defendants agreed to pay him. The effect of this agreement, as
between the plaintiff and Drury, in connection with the fact, that the
defendants were notified of it, and promised the plaintiff to pay the
amount to him, was to discharge them of their liability to Drury to
that extent, and to render them liable to the plaintiff alone, it being
justly due for his labor performed under the contract, and in respect
to which he became connected as stated in the report of the auditor.
This the defendants do not seem to dispute, but claim that the
plaintiff and one Lawrence having, prior to the time when the parties
came to the understanding found as to the payment of this claim,
entered into a contract with the defendants, by which the defendants
were to furnish timber, and the plaintiff and Lawrence manufacture
it into bobbins for the purpose stated in the report, the avails of

Parker *v.* Bryant et al.

which was to be divided, (the defendants' share being one-third),— that the plaintiff having expressed to the defendants a willingness to have the amount of the item in controversy apply towards the defendants' shire of the avails of the bobbins, he is not entitled to recover. The amount of the item was not so applied, and it does not appear from the report that the defendants consented it might. But another answer to this claim of the defendants is found in the fact that they received their share of the avails of the bobbins from one Wiley, who sold and disposed of them for the parties, at a price for which they were originally contracted to be manufactured and sold by the parties interested, and as was contemplated when they entered into the arrangement, found by the auditor, to manufacture them. This would seem to dispose of this ground of defence.

But it is insisted that the claim is not a proper item of book charge, and that it cannot be recovered in this form of action. It is for labor performed in the defendants' service and for their benefit, performed, it is true, by the plaintiff in respect to a contract in which the plaintiff and Drury were interested. But it is not found that they were partners, Drury has no interest in the claim, and the defendants expressly agreed to pay it to the plaintiff, to whom it was alone due. *Ambler* v. *Bradley*, 6 Vt. 119; *Bruce* v. *Morris*, 3 Caine's R. 54.

The judgment of the county court is affirmed.