THE OMAHA & GRANT SMELTING AND REFINING COMPANY ET AL. v. RUCKER.

1. EVIDENCE.

Witnesses are only competent to state facts. The existence or nonexistence of a partnership is to be deduced from the facts. The conclusion of a witness that a partnership existed is not admissible in evidence.

2. PARTNERSHIP, DEFINED.

A partnership is a contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions.

3. SAME.

To constitute a partnership inter se, there must be an unity of interest, and it must be for the prosecution of the business in which the supposed partner is charged.

4. SAME—ESTOPPEL

Without satisfactory proof of acts whereby parties have been misled to their injury, by reason of assumptions and representations, there can be no partnership as to third parties, except by a partnership inter se.

5. PARTNERSHIP.

To constitute a community of profit in a partnership, a party must have a specific interest in the profits themselves, in contradistinction to a stipulated portion of the profits as a compensation for his services or other benefits conferred.

*Error to the District Court of Arapahoe County.*

ON REHEARING.

Messrs. THOMAS, BRYANT & LEE, for plaintiffs in error.

Mr. S. D. WALLING, Mr. H. B. JOHNSON and Mr. A. W. RUCKER, for defendant in error.

REED, P. J., delivered the opinion of the court.

On the former hearing of this case judgment of the district court was reversed. On reargument it is found that the court was misled, and the former decision not warranted. The

former finding of the court must be set aside and the judgment of the district court affirmed.

Plaintiff brought suit against Stanley G. Wight, Rucker, the defendant, and others to recover money paid by the plaintiff for ores bought as alleged from the defendant, the title to such ores was found to be in other parties and plaintiff was compelled and did pay for the ore to the owner ; See, *O. & G. S. & R. Co. v. Tabor et al.*, 13 Colo. 41.   This action was brought to recover from the defendant the money paid by the plaintiff as the result of that adjudication.   The judgment of the district court was a nonsuit.

The record of the case is very voluminous and the printed abstract is over 100 pages.

If the abstract had fairly presented the case we should have no occasion to reverse the former decision ; in arriving at it we relied upon the abstract; on examining the record we find it misleading and partisan ; it recites rulings and exceptions that cannot be found in the transcript of the record.

In many instances the testimony given is so stated in the abstract as to give it an importance, effect and meaning not warranted when read in its proper connection in the bill of exceptions.

A deposition of Stanley G. Wight taken by the plaintiff is partly set forth in the abstract and the balance suppressed; while a second supposed deposition of the same witness, taken by the defendant, consequently, not read nor in evidence is set out at length.   Such second deposition was important, this court overlooking the fact stated, in regard to it, supposed it to be legitimately in the abstract and that it had been before the court as evidence.   Such deposition greatly influenced and controlled the court in the conclusion to which it arrived.

We cannot let this matter pass without a reproof also, to the counsel of the defendant.

The rules provide for a supplemental abstract by the other party in case the one presented is not full and satisfactory.

When no action is taken nor objection made the court presumes the case presented by the abstract is the proper one.

In this case the court was not only misled and imposed upon by the abstract, but also by the negligence, silence and acquiescence of the defendant.

The fundamental and pivotal question in the case was, whether the defendant, Rucker, was or was not a partner of Wight and others so as to make him liable for their acts? The district court evidently found that he was not; this court, on the case presented by the abstract found that he was. The question of partnership is the only one that will be discussed in this opinion.

In the deposition of Wight taken by the plaintiff, which was in evidence, certain answers to interrogatories were stricken out, notably as follows:

" Q. If in reply to the above interrogatory you say the defendant Rucker was such attorney, please state who employed him and in what capacity he was engaged?

" A. The interest of Rucker and myself in the expected returns from the working of the lease, was a joint one; we were copartners by verbal agreement; whatever legal proceedings he advised I acquiesced in, and at no time during the pendency of the litigation did I make an objection to what he was doing in that direction." This portion of the answer was stricken out, the others stricken out were of the same character and were properly stricken out.

1st. They were in no way responsive to the question asked.

2d. They were voluntary statements of his conclusion, that the facts, by him before fully stated, constituted a partnership—his legal conclusion. Witnesses are only competent to state facts. The existence or non-existence of a partnership is a legal deduction from the facts and premises.

In *Dwinel v. Stone*, 30 Me. 384, the court said, " By the application of these rules, it will not be difficult to determine whether a partnership proper is proved to have existed by the answers of the defendant. Whether one existed or not

is an inference of the law from the facts and his frequent statements that they were partners, can have no effect." The answer of Wight cited above, as stricken out, is rather peculiar. He says they were partners, and at the same time one partner engaged in the practice of law and one mining, in which business the partnership existed is not shown. Eliminating the inadmissible evidence and that improperly in the abstract, and the conclusions of the witness and codefendant Wight, what remains is not complicated or contradictory. The facts established are, 1st, By agreement with Wight, Rucker was to render all the legal services necessary to protect Wight in his possession and enjoyment of the property leased.

2d. As consideration for such services Rucker was to receive from Wight nine thirty-seconds of the net proceeds of the ore extracted under the lease. That Rucker complied with his contract and was also active and zealous in securing the lease upon the Vanderbilt property and the Big Chief shaft through which the mining was prosecuted.

3d. Wight had the exclusive management and control of the mining and disposition of the ore; he advanced the costs for litigation, sold the ore, received the proceeds, paid all the operating expenses of the business. Of the balance, or net proceeds, he paid Rucker nine thirty-seconds and the other parties interested their respective shares.

Do the facts thus established make Rucker a partner and liable for the tort in the mining and selling of ore?

Chancellor Kent defined partnership to be "a contract of two or more competent persons to place their money, effects, labor and skill or some or all of them in lawful commerce or business and to divide the profit and bear the loss in certain proportions." 3 Kent's Com. 23. Many other definitions have been given, but all amount to about the same thing.

Whether an agreement creates a partnership or not, depends upon the real intention of the parties to it. Lindley on Part., sec. 10; *Mollwo, March & Co. v. Court of Wards,* L. R. 4 P. C. 419; *Pooley v. Driver,* 5 Ch. Div. 460; *Walker*

*v. Hirsch,* 27 Ch. Div. 460 ; *Hedges' Appeal,* 63 Pa. St. 273 ; *Salter v. Ham,* 31 N. Y. 321 ; *Niehoff v. Dudley,* 40 Ill. 506.

" A partnership *inter se* results from the intention of the parties to be gathered from the contract if there is one, or if not, from their relation to and dealings with the property and each other." Collyers on Part, sec. 2 ; *Coulter v. Thomas,* 25 Vt. 73 ; *Phillips v. Phillips,* 49 Ill. 24 ; *Clark v. Reed,* 11 Pick. 446 ; *Hazard v. Hazard,* 1 Story (U. S.), 371.

In order to constitute a partnership *inter se,* it is universally declared that there must be a community of interest, a mutuality, and it must be for the prosecution of the business in which the supposed partner is charged ; it must be such a relation as makes each partner the agent of all in the management and prosecution of the business and control of the joint property.

In this case much stress is laid upon the fact that as far as the management of the business of mining was concerned and the sale and disposition of the ore and the general dealings, they were entirely under Wight and in which Rucker did not participate. Too much prominence cannot be allowed to this fact. It can only be of importance as a fact from which inference could be drawn establishing or rebutting the presumption of partnership, when the question arises between the supposed partnership and third parties, but as between the supposed partners it is unimportant. As to them it may be and frequently is a question of contract and it is competent for them to so contract that one member of the firm shall transact all the active business of the firm with third parties, yet this would not affect the relation of partnership. *Cox v. Hickman,* 8 H. L. Cas. 268 ; *Halstead v. Shepard,* 23 Ala. 558.

It is well settled that a partnership *quoad* third parties may exist and be enforced contrary to the intent and contract of the parties and when, *inter se,* no partnership existed.

But this depends upon the law of estoppel which is so well understood as to render the discussion of the facts creating it, unnecessary. All the evidence in the case shows that the

question was not involved ; the contract provides that Wight should have sole and exclusive control of the business of mining, the disposition of the ore, the payment of all expenses and the disbursement of the surplus, while Rucker was to control and manage the legal business ; the testimony also shows that each kept within his own limits, not inter-fering nor being interfered with.

There is no evidence that Rucker by acts or declarations misled parties dealing with Wight in regard to his status, or that he ever claimed or asserted any partnership rights in such business.

Without satisfactory proof of acts whereby parties were mislead and dealt to their injury, by reason of assumptions or representations, there could be no partnership as to third parties except by an actual partnership *inter se.* *Winship v. Bank, U. S.*, 5 Pet. 561 ; *Armstrong v. Hussey,* 12 Sergt. & R. 315 ; *Harvey v. Childs,* 28 Ohio St. 319 ; *Kilshaw v. Jukes,* 3 Best & S. 847 ; *Bullen v. Sharp,* L. R. 1. C. P. 86 ; Coll. on Part., sec. 5.

It is elementary, and perhaps unnecessary to say, that without actual proof of partnership either as between the parties by agreement, or by estoppel as to third parties, Rucker could not be held liable, as the liability must depend upon the partnership relation and the agency of Wight resulting from the relation. .

The only remaining question is, whether the contract ·between Wight and Rucker, as established, made then partners, as between themselves ?

The facts being undisputed, it is purely a legal question and by far the most important question involved.

It is well settled,. that as incidental to a partnership, and growing out of it, each party must have a specific lien on the partnership property for the debts of the firm, and for his own share after the debts are paid and also for money advanced for the use of the firm, and when the relation is such that these conditions are wanting no partnership exists, and the existence or nonexistence of these conditions is a controlling

test in determining the question of partnership. *Young v. Keighly*, 15 Ves. 557; *Crooker v. Crooker*, 46 Me. 250; *Alden v. Wales*, 22 Pick. (Mass.) 245; *Parker v. Parker*, 65 Barb. (N. Y.) 205; *Black v. Bush*, 7 B. Mon. (Ky.) 210.

Although in order to constitute a partnership there must be a community of interest, every community of interest does not create a partnership. Domat, Tit. 8, Book 17. "There must. be a joint ownership of the partnership funds, or a joint right of control over them, and *also an agreement to share the profits and losses arising therefrom.*" Collyers on Part., sec. 2, note; *Ward v. Barrett*, 5 Paige (N. Y. Chy.), 148; *Felichy v. Hamilton*, 1 Wash. (U. S. C. C.) 491; *Berthold v. Goldsmith*, 24 How. (U. S.) 536; *Bowman v. Bailey*, 10 Vt. 170; *Hamilton v. Valette*, 7 Ohio St. 172.

"This community of profits is the test to determine whether the contract be one of partnership.

"And to constitute it, a partner must not only share in the profits, but he must share in them as a *principal*, for it is a well settled rule that a party who stipulates to receive a sum of money in proportion to a given *quantum* of the profits as reward for his labor, is not chargeable as a partner." *Loomis v. Marshall*, 12 Conn. 70; *Leggett v. Hyde*, 58 N. Y. 272.

"To constitute a community of profits in a partnership, a party must have a specific interest in the profits themselves, as profits, in contradistinction to a stipulated portion of the profits as a compensation for his services or other benefit conferred." Coll. on Part., sec. 3 (note).

"A mere participation in profits does not make the parties partners *quoad*. There must also exist an interest in the profits *as such*, that is the person sought to be charged as a partner by reason of his participation in the profits, must have an interest that can be enforced out of the profits themselves rather than by an action at law for a sum to be measured by such proportional share of the profits. His interest must specifically attach to the profits, and if he had no such interest, there is no partnership in any sense." Coll. on Part., sec. 3, (note).

In support of these propositions, authorities might be multiplied indefinitely. A few cases strictly analogous to the case under consideration and holding that the existing facts did not constitute a partnership may be cited to advantage. See *Loomis v. Marshall, (supra); Ambler v. Bradley,* 6 Vt. 119; *Miller v. Bartell,* 15 Sergt. & R. 137; *Perrine v. Hankinson,* 11 N. J. 181; *Pillsbury v. Pillsbury,* 20 N. H. 90; *Coffin v. Jenkins,* 3 Story (U. S. C. C.), 108; *Blue v. Leathers,* 15 Ill. 31; *Holmes v. Old Col. R.,* 5 Gray (Mass.), 58; *Lewis v. Greider,* 51 N. Y. 231; *Edward v. Tracy,* 62 Penn. St. 374; *Lintner v. Milliken,* 47 Ill. 178.

See also 1 Lind. on Part., sec. 13 and note, where the proposition is clearly stated and a large number of authorities cited.

The irresistible conclusion is that the facts as proved did not constitute Rucker a partner and that the judgment of nonsuit was proper and must be affirmed.

*Affirmed.*

THOMSON, J., concurs.

BISSELL, J., did not sit in the case.