RUTLAND,
*February,*
1840.

---

Paige
*v.*
Ripley.

---

JOHN KELLOGG *v.* HUBBARD N. GRISWOLD.

Two or more persons may be holden as partners, with respect to third persons, and not be partners, *inter se.*

An action of assumpsit, as well as an action of account, may be maintained against an agent when he promises to render an account.

This was an action of *assumpsit.* Plea, *non assumpsit.*

At the April term of the county court, by the consent of the parties, the cause was referred, and the parties were to have the benefit of all questions of law, arising upon the hearing before the referee. At a subsequent term of the county court, the referee reported that the parties appeared before him, on the 26th of May, 1838, and that the plaintiff gave in evidence a paper and written contract, of which the following is a copy :—

" Calculation.

| | | |
|---|---:|---:|
| " Say $1000 will purchase, at 16 cents, | lbs. | 6250 |
| Add for increase in tanning 1-4, | | 1562 |
| | | 7812 |
| "Say leather sells at 21 cents, | | 21 |
| | | 7812 |
| | | 15624 |
| Footing carried forw'd, | 4 ⟩ | 1640,52 |

Footing bro't forw'd,    4 J 1640,52
Deduct H. N. G's share,                410,13
                                                        ――――――
                                                        1230,39
" Say the expense of transporting from and
 " to market, time, expenses out, &c.,          63,00
                                                        ――――――
                                                        1167,39

" The agreement between us, is,that John Kellogg has ad-
" vanced Hubbard N. Griswold one thousand dollars, with
" which said Hubbard is to purchase spanish hides,and tan them
" for sole-leather, and said leather, when fitted for market,
" said Hubbard is to take to market and sell it ; and the
" avails are to be divided between us, as follows : said John
" to have three quarters and said Hubbard one quarter. The
" said Hubbard to furnish every thing necessary to fit the
" leather for market.   Said Kellogg to furnish the thousand
" dollars to purchase the hides, and to be at the expense of
" transportation of the hides from the south, and pay said
" Hubbard for his time, and expense out, in purchasing the
" hides and in carrying the leather to market and selling it.
" Said Hubbard to keep a regular account of all said ex-
" penses.

       " Benson, April 7, 1832.
             Signed,                    " H. N. GRISWOLD,
                                        " JOHN KELLOGG.

   Upon the back of which contract was the following addi-
tional agreement :

   " The within contract is so far varied between us as this,
"viz : said Kellogg takes to himself the one fourth part of
" the leather within mentioned, which, by the within con-
" tract, belonged to said Griswold, and agrees to pay said
" Griswold one fourth part of the avails or net proceeds.
" when the said John shall have sold the same in market,
" which said Kellogg agrees to do in the course of the ensu-
" ing season.

       " Benson, April 1, 1835.
             Signed,                    "H. N. GRISWOLD,
                                        " JOHN KELLOGG."

   The referee further reported, that it was admitted by the
parties that the plaintiff had furnished the thousand dollars,

mentioned in said contract, and that the defendant had used the money to purchase and tan hides, and that the defendant had sold or otherwise disposed of most or all of the leather tanned from the hides so purchased, and had paid to the plaintiff the sum of one thousand dollars ; that the plaintiff offered to show that the defendant had not sold said leather in market, but had sold it in different parts of the country and in the western states, and had, thereby, failed to fulfil said contract, on his part, and that the plaintiff was entitled to recover of the defendant all the damages for the breach of said contract, and the one thousand dollars advanced by the plaintiff and the interest thereon.

The referee decided that the agreement, in writing, created a special partnership between the parties, and that their claims, growing out of said agreement, could not be adjust- in the action of assumpsit, without the consent of the defendant. But, if the court should be of the opinion that the claims of the parties, growing out of said agreement, could be adjusted in this form of action, then the report of the referee was to be set aside.

The plaintiff excepted to the report of the referee, insisting that the action of assumpsit was the proper action to recover damages of the defendant for a breach of the contract, on the part of the defendant, and prayed the court to set aside the report. But the county court overruled the exceptions, accepted the report and rendered a judgment thereon, for the defendant, and the plaintiff excepted to the decision and judgment of the county court.

*Plaintiff, pro se.*

The plaintiff contends that the judgment of the county court, accepting the report of the referee, was erroneous and ought to be reversed for these reasons :

I. The 'agreement,' mentioned in the report, does not, necessarily, constitute a partnership between the plaintiff and defendant *inter se*, as was decided by the referee. This case must be treated as coming within the reason and spirit of the decision of this court in the case of *Ambler* v. *Bradley*, 6 Vt. R. 119, repeated in that of *Bowman* v. *Bailey*, 10 Vt. R. 170. The defendant's share of the avails is to be considered as a compensation for his labor, &c., and the

plaintiff's advancement as a loan of capital. *Hesketh* v. *Blanchard*, 4 East, 144. *Dry* v. *Boswell*, 1 Camp. 329. *Smith* v. *Watson*, 2 B. & C. 401. *Bailey* v. *Clark*, 6 Pick. 372. *Muzzy* v. *Whitney*, 10 Johns. 226. *Wilkinson* v. *Fraser*, 4 Esp. R. 182.

II. The facts, apparent upon the face of the 'agreement,' negative any intention that it should have such an operation upon the remedies between the parties as is implied in the decision of the referee.

III. If the 'agreement' does not constitute a partnership, *inter se*, this action lies, and is the proper one to enforce the terms and engagements of the parties. 1 Chitty's Pl. 27, 28, 98, and the cases cited above.

*S. Foote and E. N. Briggs*, for defendant.

The agreement, in this case, created a special partnership.

Account and not assumpsit is the proper remedy between partners, to enforce the settlement of their accounts, especially when there are but two partners. 2 Conn. R. 697. Ib. 425. 9 Johns. R. 307. 1 Binn. R. 191. 2 J. R. 478. Ib. 483. 2 Caines' R. 293. 12 Johns. R. 402. 14 Johns. R. 322. 3 Day, 506.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—But one question is presented in the case, that is, whether the plaintiff can maintain this action of assumpsit. The referee decided that the claims of the parties could not be adjusted in this action of assumpsit, on the ground that they were partners. The decision was correct if they were partners *inter se*, as the respective claims of partners must be adjusted in the action of account or a bill in equity.

In a partnership, the parties are tenants in common of the joint stock and effects, and mutually participate in profit and loss. As it depends on their agreement, on their mutually associating together in a common or joint undertaking, whether they shall be partners, so by their agreement, although they conduct and appear as such and may be held accountable by others who deal with them, they may not, in fact, be partners. They might mutually stipulate that business should be carried on in their joint names, and on the credit of both, but that one should receive a stipulated sum

for. his services and incur no risk of loss. In such a case they would not be partners, though liable as such to others.

Questions have frequently arisen as to what should be deemed a partnership; but it has been, usually, at the suit of third persons, creditors, and as to them, it has been settled, that if there is a participation in the profits, inasmuch as it takes the fund, or a part of the fund to which the creditors have a right to look for the payment of their debts, the persons participating in such profits, shall be liable to them as partners. This was the doctrine of the leading case of *Waugh* v. *Carver*, 2 Hen. Bl. 235, where two ship agents were held liable as partners, although they had stipulated that neither should be liable for the acts or losses of the other. In that case, it was said by the Chief Justice, they were not partners *inter se*.

The distinction between partners as to creditors and partners *inter se*, is sufficiently and definitely settled. But even as it respects third persons, it is sometimes difficult to draw the line between that class of cases where a person is to be treated as a partner, or merely an agent.

In the case before us it appears the plaintiff was to furnish the capital and pay the expenses of transporting the leather to market. The defendant had no interest in the hides, when purchased, but was to perform the labor and to be allowed his expenses in purchasing the hides and carrying them to market, and, as a reward for his labor, was to have twenty five *per cent.* of the avails. We think this does not make them partners, between themselves, but that the defendant was only an agent.

Considering him as an agent, an action of account may be maintained against him, or an assumpsit upon an express promise to account if not upon an implied one.

This seems to be the result of the authorities, although a dictum to the contrary may be found in some *nisi prius* cases. The decision of the referee was wrong, and the judgment of the court, accepting the report and rendering judgment for the defendant, must be reversed.