𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Jackson v. Haynie's Administrator.

January 17, 1907.

1. PARTNERSHIP—*Sharing Profits.*—In order to constitute a partnership
there must, as a general rule, be a community of interests among
the partners, and the partners should share the profits and
losses, but a mere participation in profits does not always con-
stitute the party a partner. A miller, who is employed by the
owner of a mill to take charge of the mill as miller, who has no
interest in the capital of the business and no rights as partner,
but who is to receive a share of the profits for his services, is
not a partner of the mill owner. The share in the profits merely
constitutes the manner of payment and the measure of his com-
pensation for his services as miller.

Appeal from a decree in chancery of the Circuit Court of
Charlotte county. Decree for defendant. Complainant ap-
peals.

*Affirmed.*

The opinion states the case.

*D. Q. Eggleston* and *Samuel A. Anderson,* for the appellant.

*James H. Guthrie* and *W. C. Carrington,* for the appellee.

HARRISON, J., delivered the opinion of the Court.

In February, 1905, Lewis S. Jackson filed his bill in the
Circuit Court of Charlotte county, alleging that on or about
February 1, 1902, he entered into an arrangement and agree-
ment with J. M. Haynie, whereby he was to take charge of
complainant's mill, superintend and conduct the same, and out

of the proceeds of the business pay the cost of conducting it and of keeping the mill in repair—Haynie receiving one-third of the net profits and Jackson two-thirds thereof. Complainant further alleged that he was advised and therefore charged, that by the terms of the agreement with J. M. Haynie they became partners, and that the estate of Haynie, who was then dead, was responsible for and should pay to him one-third of the losses incurred in the business. The bill prays for a statement of accounts between the parties growing out of the alleged milling business, and that the amount found to be due complainant be ordered to be paid out of the estate of J. M. Haynie.

The administrator of J. M. Haynie, who was made party defendant to this bill, filed an answer positively denying that there was ever any such partnership agreement, as alleged, between the complainant and the respondent's intestate. The answer avers that the agreement between the parties was that Haynie was to manage and conduct the milling business for and on account of the complainant for one-third of the profits as a salary for each year; that complainant was to furnish the mill house, the machinery and the capital, and to be liable for the debts and losses, Haynie being the employee of Jackson, subject to his orders and control.

Upon the final hearing a decree adverse to the pretensions of the complainant was rendered by the Circuit Court, from which this appeal has been taken.

The principles of the law of partnership lead to the conclusion that if a trader makes an arrangement in regard to a commercial business with another, by reason of which that other becomes interested as owner in the resulting profits, while they are undivided and remain as profits, the two are partners; the general rule being that to constitute a partnership there must be a community of interests *inter sese,* and that the parties should share the profits and losses. It is, however, far from being universally true that a mere participation in the profits constitutes the party a partner. At most it is true only

*sub modo.* The same principle that leads to the general rule mentioned leads directly to the other conclusion that a mere payment, or promise to pay, out of the profits a sum of money as a specific proportion of the profits does not necessarily constitute the payee a partner, and gives him no interest in the profits and no right to the profits, but only a personal claim for such share of the profits, after they are ascertained and may be divided. If a party has no interest whatsoever in the capital stock, and as between himself and the other party has no rights as a partner, or no mutuality of powers and duties, but is simply employed as an agent and is to receive a proportion of the profits as a compensation for his labor and services, he will not be deemed a partner from that fact alone. Story on Partnership, section 30, *et seq;* Parsons on Partnership, page 72, *et seq.* It is clear from the authorities that if the parties merely occupy the relation of principal and agent, or employer and employee, no partnership can be predicated upon the fact that such agent or employee receives a share of the profits as compensation for his services or other benefits conferred. This proposition is illustrated by numerous decisions of the courts. *Bowyer* v. *Anderson,* 2 Leigh 598; *Chapline* v. *Conant,* 3 W. Va. 507, 100 Am. Dec. 766; *Sodiker* v. *Applegate,* 24 W. Va. 411, 49 Am. Rep. 252; *Berthold* v. *Goldsmith,* 24 Howard 542, 16 L. Ed. 762; *Blanchard* v. *Coolidge,* 22 Pick. 15; *Rice* v. *Austin,* 17 Mass 197; *Loomis* v. *Marshall,* 12 Conn. 69, 30 Am. Dec. 596; *Richardson* v. *Hughitt,* 76 N. Y. 55, 32 Am. Rep. 267.

As said by Judge Snyder in *Sodiker* v. *Applegate, supra,* a case very similar to this, involving the conduct of a mill: "The books are full of nice distinctions and definitions showing that it is often difficult to decide to which class the particular facts and circumstances assign cases, but there is no such difficulty in the case before us. Under none of the authorities or definitions could this be classed as a partnership."

In the case at bar the weight of the evidence shows that no

partnership was intended by the parties, nor did one result from the verbal understanding between them.  It sufficiently appears that the appellee's intestate was employed by the appellant to take charge of his mill as miller, and for his services in that behalf the deceased was to receive one-third of the profits.  This interest in the profits, to which Haynie became entitled when they were ready to be divided, did not make him a partner.  It merely constituted the manner of payment and the measure of his compensation for his services as miller.

This conclusion having been reached by the Circuit Court, its decree must be affirmed.

*Affirmed.*