# CHARLESTON

Tyler v. Teter.

Submitted October 27, 1914.   Decided December 8, 1914.

1. PARTNERSHIP—*Existence of Relation—Essentials—Sharing of Profits.*
   Mere sharing of profits is not a decisive test of the existence of a partnership. To constitute the relation, so far as this element is essential, it must appear the parties were to share and control the profits as common and joint owners thereof, and not merely as a measure of compensation to one of them for agreed services. (p. 218).

2. SAME—*Existence of Relation—Procurement of Contract.*
   The procurement of a contract by one person in the name and for the exclusive benefit of another, pursuant to agreement therefor, does not constitute them partners, although an equal division of the profits resulting from the transaction was the consideration for the service rendered. (p. 218).

Appeal from Circuit Court, Ohio County.

Suit by Augustus Tyler against Hiram Teter and others. From decree for defendants, plaintiff appeals.

*Modified and Affirmed.*

*Ritz, Blackford, Bradshaw & Beans,* for appellant.

*W. P. Robinson* and *J. B. Sommerville,* for appellees.

LYNCH, JUDGE:

After repeated but abortive efforts on his part to obtain a conditional contract for the purchase of a tract of land in Ohio county known as the Nicholas home farm, Hiram Teter entered into an oral contract with Augustus Tyler, the husband of one of the Nicholas heirs, whereby he agreed with Tyler to pay one half the profits to accrue from a sale of the land in case he obtained an option on the whole tract or any interest in it. Tyler secured an option on an undivided moiety in the name of Teter, who, after an extension of the time limit through Tyler's influence, caused the interest to be conveyed to another in trust for himself and associates. Teter having failed or refused to pay him for his services, Tyler brought this suit to charge the interest with a trust or lien in his favor, and for an accounting, on the theory that a partnership or trust relation existed between him and Teter. From a decree dismissing his bill on demurrer, plaintiff has appealed.

Viewed in the most favorable light, the bill shows a service to be rendered, and its performance as agreed, for which plaintiff is entitled to a certain definite compensation; the accomplishment of a single object, for a stipulated consideration. He agreed to obtain, and did obtain, an option in the name of Teter, and Teter promised to compensate him by an equal division of the profits derived from a sale of the property. That done, the employment ceased, and the compensation became due and payable. Tyler had no other duty to perform. His active relationship to the property and to the transaction then ceased.

Plaintiff acquired no right in or control over the lands optioned. The essence of the agreement averred was the procurement by Tyler of an option giving Teter control of the lands, and the fixing of a basis for compensation should he succeed in effecting a sale. Though in argument plaintiff says "each was to do his part" towards a sale of the lands, and that while he "was to obtain the option in the name of Teter it was likewise agreed that Tyler had as much interest in that option as Teter had", the bill contains no averment upon which to predicate that contention. On the contrary, it states

a mere cause of action triable at law, upon proper pleadings, and raises two questions: Was there an agreement? What profits, if any, accrued to defendant from the transaction? Indeed, the averments of the bill virtually eliminate the second inquiry and preclude claim for discovery. They state the price specified in the option and in the contract of sale, leaving a definite sum as profits to be equally divided between Tyler and Teter, a mere calculation. No necessity for discovery appears.

The bill contains no charge of fraud; no averment of a trust relation or breach of it, or basis therefor; none even from which the existence of such relation may reasonably be inferred. It shows a contract duly performed by plaintiff, out of which arose a liability not discharged by defendant as promised. Plaintiff was not authorized to negotiate or control a re-sale of the property or fix a price or terms of payment, nor to agree to or dissent from a sale at any price or upon any terms. The bill avers none of the essential elements of a partnership; none even of a joint adventure; no suggestion of either relation appears from its averments. It lacks the ordinary tests for the existence of a partnership relation between two or more persons: a community of interest, a sharing of the profits and losses, mutuality in the management and control of the social assets, a uniting in the prosecution of a common enterprise for their joint benefit. 17 Am. & Eng. Enc. Law 830. Or, according to the frequently cited definition by Chancellor Kent, to constitute such relation there must be a contract, express or implied, to place money, effects, labor and skill, or some of them, in lawful commerce or business, and to divide the profits and bear the loss in certain proportions.

The dealings averred had none of these requisites. They constituted merely an engagement for personal services, upon a consideration to be measured by profits enuring to defendant as a result of plaintiff's activity in procurement of the option, whereby defendant obtained exclusive control of an interest in certain real estate. Upon rendition of such services, the relation ceased, the employment terminated. Plaintiff thereafter had no interest in the transaction, save

the ascertainment and collection of the compensation agreed upon. Sharing in the profits merely prescribes the method for ascertaining the value to defendant of the services rendered to him—the measure of his liability. See *Jackson v. Hayne,* 106 Va. 365; *Grigsby* v. *Day,* 9 S. D. 585; *Logie* v. *Black,* 24 W. Va. 1; *Kellogg* v. *Griswold,* 12 Vt. 291; *Clark* v. *Emery,* 58 W. Va. 637.

The decree complained of was clearly right, except in one particular. It dismissed the bill without reservation of a right to proceed to the enforcement of plaintiff's claim in another forum; in which particular we modify it, but do not allow costs, plaintiff not having requested a dismissal without prejudice.

*Modified and Affirmed.*