### ATLANTIC COAST REALTY CO. v. ROBERTSON.[*]

(Circuit Court of Appeals, Fourth Circuit. February 14, 1917.)

#### No. 1481.

FRAUDS, STATUTE OF ☞56(9)—INTEREST IN LANDS—CONTRACT OF AGENCY.

A contract by which defendant, an owner of land, gave plaintiff an exclusive agency to sell the land, plaintiff to make advancements for development, advertising, etc., which were to be repaid by defendant, and to receive as its compensation one-half the net profits received from the sales above the fixed value placed upon the lands, creates an agency, and not a partnership, since plaintiff acquired no interest in the profits as such, but merely a right to compensation for services measured by the profits, and such a contract was therefore not required to be in writing by Code Va. 1904, § 2840, subd. 6, providing that no action shall be brought on any contract for the sale of real estate, or for the lease thereof, unless the contract or some memorandum thereof is in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 136–138.]

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Action by the Atlantic Coast Realty Company against Wirt Robertson. Judgment for defendant on demurrer to plaintiff's bill, and plaintiff brings error. Reversed and remanded.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

Charles T. Lassiter, of Petersburg, Va., and James Mann, of Norfolk, Va. (Lassiter & Drewry, of Petersburg, Va., and Mann & Tyler, of Norfolk, Va., on the brief), for plaintiff in error.

C. V. Meredith, of Richmond, Va., and J. M. Townsend, of Petersburg, Va., for defendant in error.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied May 28, 1917.

PRITCHARD, Circuit Judge. This case comes here on writ of error from the District Court of the United States for the Eastern District of Virginia. The court below sustained the demurrer interposed by the defendant to the bill filed by the plaintiff:

The plaintiff alleges that the defendant was the owner of a tract of land purchased at the price of $31,000, which he desired to cut up in lots or parcels and to sell; that the plaintiff, being engaged in advertising and selling property on commission, was employed by the defendant to sell and dispose of the property in question on a percentage basis on any amount realized over and above the original purchase price of the land. It is further alleged that the defendant was interested in the approaching sale of lots in a tract of land near by, and in order that this tract would be first placed upon the market he was anxious that plaintiff should become pecuniarily interested; that defendant proposed that plaintiff become the exclusive agent for the sale of his property, and make, among other things, advancements for development, advertising, etc., which were to be refunded by defendant, and that after defendant should receive $40,000, as the gross value of his land, plaintiff was to be paid one-half of the net profits as its commission or compensation; that after this verbal agreement was made, and the parties had shaken hands in full acceptance of its terms, the defendant sold one Charles Barrow (who owned neighboring property) the land in question for $80,000; that this sale was made without notice to plaintiff, and defendant now seeks to avoid his agreement with plaintiff on the ground that it was verbal and not in writing.

Plaintiff instituted suit to recover its commissions, based on the price at which it could have sold the property, and to recover certain amounts it had expended in pursuance of its agreement with defendant. The court below held that the contract was for the sale of real estate, and that therefore it was unenforceable, because not reduced to writing. The defendant's demurrer to the declaration was sustained, and the suit was dismissed.

The agreement between the parties is set out in the declaration in the following language:

"That the said defendant * * * proposed that said plaintiff take the exclusive agency for the development, subdivision, and handling, together with the exclusive right to sell, the said 'Baker property' at public auction and at private sale (the title to the said property to remain in said defendant, and to be conveyed by him direct to the purchasers); that it provide a valuable consideration for this exclusive right to sell, by agreeing to spend its own money for engineers, laborers, tools, teams, advertising, auctioneers, and other necessary purposes in that connection; that, out of the first proceeds of the said sales, said plaintiff be reimbursed for its expenditures, so to be made, upon expense vouchers to be submitted by it to him; that, after the payment of said expenses, the said defendant should then receive out of the proceeds of said sales the sum of forty thousand dollars ($40,000.00); and that whatever residue might be produced by such sales should be divided equally between said plaintiff and said defendant. * * * "

The following is the only ground of demurrer filed by the defendant:

"That it appears upon the face of said declaration that the alleged contract stated therein was one providing for the sale of an interest in real estate, and was not in writing as required by the statute, set forth in subdivision 6 of section 2840, Code of Virginia."

The statute of frauds of Virginia, so far as applicable, is as follows:

"No action shall be brought in any of the following cases. * * * Sixth. Upon any contract for the sale of real estate, or for the lease thereof for more than a year, * *. * unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent."

The question to be determined is within a narrow compass, to wit: Is the contract sued upon "a contract for the sale of real estate"?

It is insisted by counsel for defendant that the parties to this contract entered into a partnership by virtue of which plaintiff became invested with an interest in real estate; while, on the other hand, it is urged by plaintiff that the contract as set forth in the declaration clearly shows that it was to act as the agent of the defendant in preparing, placing upon the market, and selling the property; that it was to have the exclusive right to sell the property, and was required to keep an itemized account of incidental expenditures, for which it was to be reimbursed out of any proceeds that might be realized from the sale of this property in excess of the sum agreed upon, to wit, $40,000. There is no provision in the contract whereby any portion of this property was to be conveyed to the plaintiff. On the contrary, the title is to remain in the defendant until such time as the plaintiff might effect a sale of the same, at which time the defendant was to convey it to the purchaser. After realizing $40,000 and a sufficient amount to pay the incidental expenses, then any residue was to be divided equally between the parties.

The court below based its judgment upon a decision of the Supreme Court of Virginia in the case of Burgwyn v. Jones, 113 Va. 511, 75 S. E. 188, 41 L. R. A. (N. S.) 120, Ann. Cas. 1913E, 564. In that case a partnership was clearly established, in referring to which the complainant averred that:

"Your complainant avers that said agreement was in effect a partnership agreement, and that said parties were, as between themselves, copartners; that it was mutually understood and verbally agreed by and between said parties that your complainant, by reason of the services to be rendered by him for the benefit of said undertaking, was to have an interest in the said property equal to that of any of said parties, after the purchase price of said property and the expense of maintaining the same had been deducted: and that all of the said parties would work together for their common benefit."

Thus it will be seen that the Burgwyn Case, supra, is not analogous to the case at bar. There the sole purpose of the suit was to ascertain the interest in the tract of land growing out of the partnership between the parties; also there was nothing in that case upon which plaintiff could reasonably contend that the agency had been established.

In this instance the plaintiff makes no claim that it has an interest in the land in question, nor is there anything in the pleading which tends in the slightest degree to sustain the contention that this is a suit to recover land based upon a verbal contract. The plaintiff, among other things, alleges that it was to take the "exclusive agency" for the sale of this land. It is not only alleged that plaintiff was simply acting as an agent of defendant, but every fact and circumstance surrounding this transaction clearly shows that this was a contract whereby the relation of principal and agent was established between defendant and

plaintiff.   The fact that plaintiff was interested in the profits and agreed to make certain expenditures in preparing the property for sale is not sufficient to warrant the conclusion that this is a partnership, as contradistinguished from an agency.   At most it can only be said that the money advanced for the purpose of putting this property in an attractive condition for sale was in the nature of an advancement or loan, for the repayment of which, according to the declaration, specific provision was made as a part of the contract.

The Supreme Court of Virginia in the case of Jackson v. Haynie, 106 Va. 365, 56 S. E. 148, in referring to what it takes to constitute a partnership, said:

"The principles of the law of partnership lead to the conclusion that, if a trader makes an arrangement in regard to a commercial business with another by reason of which that other becomes interested as owner in the resulting profits, while they are undivided and remain as profits, the two are partners; the general rule being that, to constitute a partnership, there must be a community of interests inter sese, and that the parties should share the profits and losses.   It is, however, far from being universally true that a mere participation in the profits constitutes the party a partner.   At most it is true only sub modo.   The same principle that leads to the general rule mentioned leads directly to the other conclusion that a mere payment, or promise to pay, out of the profits a sum of money as a specific proportion of the profits does not necessarily constitute the payee a partner, and gives him no interest in the profits and no right to the profits, but only a personal claim for such share of the profits, after they are ascertained and may be divided.   If a party has no interest whatsoever in the capital stock, and as between himself and the other party has no rights as a partner, or no mutuality of powers and duties, but is simply employed as an agent and is to receive a proportion of the profits as a compensation for his labor and services, he will not be deemed a partner from that fact alone.   Story on Partnership, § 30 et seq.; Parsons on Partnership, p. 72 et seq.   It is clear from the authorities that if the parties merely occupy the relation of principal and agent, or employer and employé, no partnership can be predicated upon the fact that such agent or employé receives a share of the profits as compensation for his services or other benefits conferred.   This proposition is illustrated by numerous decisions of the courts.   Bowyer v. Anderson, 2 Leigh (Va.) 550; Chapline v. Conant, 3 W. Va. 507, 100 Am. Dec. 766; Sodiker v. Applegate, 24 W. Va. 411, 49 Am. Rep. 252; Berthold v. Goldsmith, 24 How. 542, 16 L. Ed. 762; Blanchard v. Coolidge, 22 Pick. 151; Rice v. Austin, 17 Mass. 197; Loomis v. Marshall, 12 Conn. 69, 30 Am. Dec. 596; Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267.   *   *   *   In the case at bar the weight of the evidence shows that no partnership was intended by the parties, nor did one result from the verbal understanding between them.   It sufficiently appears that the appellee's intestate was employed by the appellant to take charge of his mill as miller, and for his services in that behalf the deceased was to receive one-third of the profits.   This interest in the profits, to which Haynie became entitled when they were ready to be divided, did not make him a partner.   It merely constituted the manner of payment and the measure of his compensation for his services as miller."

So in this instance any profits arising from the sale of the property after deducting the $40,000 and the incidental expenses was the measure by which the compensation to be paid to plaintiff for its services was to be ascertained.

The case of Seymour v. Freer, 8 Wall. 202, 19 L. Ed. 306, is very much in point.   In that case the agreement upon which the suit was based is incorporated in the syllabus in the following language:

"In May, 1835, an agreement was entered into between Price and Seymour, which provided, on the part of Price, that he should devote his time and best

judgment to the selection and purchase of land, to an amount not exceeding $5,000, in certain designated states and territories, or in such of them as he might find most advantageous to the interest of Seymour, that the purchases should be made during the then existing year, and that the contracts of purchase should be made and the conveyances taken in the name of Seymour; and on the part of Seymour, that he should furnish the $5,000, that the lands purchased should be sold within five years afterwards, and that, of the profits made by such purchase and sale, one-half should be paid to Price, and be in full for his services and expenses."

There the court held that the facts clearly established an agency and that the parties did not have an interest in the land as partners. The Chief Justice, in referring to this phase of the question, said:

"We do not consider the agreement as creating any partnership between the parties, or as vesting in Price any interest, legal or equitable, in the lands purchased. It provides simply for services to be rendered by Price for Seymour and a contingent compensation to be made to him for such services."

For the reasons stated we are impelled to the conclusion that the contract as set forth in the complaint constitutes an agency rather than a partnership, and it necessarily follows that such contract is not required by the laws of Virginia to be in writing.

Therefore we are of opinion that the judgment of the court below should be reversed, and the cause remanded, with instructions for further proceedings not inconsistent with the views herein expressed.

Reversed.