COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


MUSSO'S TOWING, INC.
                                    MEMORANDUM OPINION*
v.    Record No. 1100-03-1              PER CURIAM
                                     SEPTEMBER 9, 2003
STEVE WALL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (W. Ware Morrison, on brief), for appellant.

            (Anthony L. Montagna, Jr.; Montagna &
            Montagna, P.C., on brief), for appellee.


     Musso's Towing, Inc. (Musso's) contends the Workers'

Compensation Commission erred in finding that Steve Wall

(claimant) was its employee rather than an independent

contractor at the time of his compensable injury by accident on

October 4, 2001.  Pursuant to Rule 5A:21(b), claimant raises the

additional questions of whether this Court should (1) order

Musso's to pay claimant's attorney additional attorney's fees

and costs; and (2) assess sanctions against Musso's pursuant to

Code § 8.01-271.1.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  Employee vs. Independent Contractor

"The Workers' Compensation Act covers employees but not independent contractors."  County of Spotsylvania v. Walker, 25 Va. App. 224, 229, 487 S.E.2d 274, 276 (1997).  This distinction must be determined from the facts of each case, with the burden upon the person seeking benefits under the Act to prove the relationship contemplated by the Act.  Id. at 229-30, 487 S.E.2d at 276; see Code § 65.2-101.  Although the commission's factual findings are binding and conclusive on appeal, when they are supported by credible evidence, see James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989), a "[d]etermination of the relationship involves a mixed question of law and fact which is reviewable on appeal."  County of Spotsylvania, 25 Va. App. at 230, 487 S.E.2d at 276.

Generally, an individual "'is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.  The power of control is the most significant indicium of the employment relationship.'"  Behrensen v. Whitaker, 10 Va. App. 364, 367, 392 S.E.2d 508, 509-10 (1990) (quoting Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)).

> [T]he right of control includes not only the power to specify the result to be attained, but the power to control "the means and methods by which the result is to be accomplished."  An employer/employee

- 2 -

relationship exists if the party for whom the work is to be done has the power to direct the means and methods by which the other does the work. "[I]f the latter is free to adopt such means and methods as he chooses to accomplish the result, he is not an employee but an independent contractor." The extent of the reserved right of control may be determined by examining the performance of the parties in the activity under scrutiny.

Intermodal Servs., Inc. v. Smith, 234 Va. 596, 601, 364 S.E.2d 221, 224 (1988) (citations omitted).

Musso's sole argument on appeal is that because claimant was paid by the job for each completed vehicle repair he was an independent contractor.

In holding that an employee/employer relationship existed between claimant and Musso's, the commission made the following findings:

[T]he employer, Dominic Musolino, agreed to hire the claimant to perform auto repair work as a "subcontractor," and did not deduct any employee withholdings from the claimant's pay. However, the claimant worked a regular schedule at the employer's shop and attended to customers that were sent by Mr. Musolino. The claimant supplied most, but not all, of the tools, completed work orders that were provided to him, and was paid per hour for the jobs. He testified that he was told what repair work to perform just like "a regular shop would do." He also drove the tow truck at night on an on-call basis. We find this evidence sufficient to demonstrate that the claimant was an employee.

Claimant's testimony constitutes credible evidence to support the commission's finding that he was Musso's employee

- 3 -

rather than an independent contractor. Claimant testified that he received work through work orders that were written on customer's vehicles by Musolino or whoever answered the shop telephone. Musso's paid claimant $29.50 per hour for the number of hours he was required to work on each repair. He earned an average of $600 per week. He worked regular hours from 9:00 a.m. to 5:00 or 6:00 p.m. He also worked some nights as a tow truck driver for Musso's. He stated that he worked an average of thirty to fifty hours per week.

The fact finder was entitled to reject those portions of Musolino's testimony that conflicted with claimant's testimony. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Furthermore, the manner in which Musso's paid claimant by the hour for each individual repair job did not necessarily make him an independent contractor, rather "[i]t merely constituted the manner of payment and the measure of compensation for his services . . . ." Jackson v. Haynie's Adm'r, 106 Va. 365, 368, 56 S.E. 148, 149 (1907). "Payment of wages, alone, is not the determinative factor." Purvis v. Porter Cabs, Inc., 38 Va. App. 760, 773 n.4, 568 S.E.2d 424, 430 n.4 (2002).

Claimant's testimony proved that Musolino reserved the right to exercise control over the means and methods by which claimant's work was ultimately accomplished. Musolino admitted

- 4 -

that if claimant did not have the proper tools to perform a repair, he would give the repair to another mechanic. Thus, credible evidence supports the commission's finding that Musso's exercised the requisite control over claimant to make him its employee.

## II. Attorney's Fees

In his December 4, 2002 opinion, the deputy commissioner awarded claimant's counsel attorney's fees in the amount of $800 to be paid from claimant's accumulated benefits. On review to the full commission, claimant did not request an award of additional attorney's fees. The full commission affirmed the deputy commissioner's decision without an award of additional attorney's fees.

Claimant now requests that this Court order Musso's to pay additional attorney's fees and costs to claimant's counsel incurred as a result of Musso's request for review to the full commission and its appeal to this Court.

"Code § 65.1-102 [(now Code § 65.2-714)] provides that fees of attorneys shall be subject to the approval and award of the Commission." Hudock v. Industrial Comm'n, 1 Va. App. 474, 477, 340 S.E.2d 168, 171 (1986). Thus, claimant's request must be made to the commission not this Court. Accordingly, we decline to address this issue on appeal.

- 5 -

### III. Sanctions

Claimant requests that this Court assess sanctions against Musso's under Code § 8.01-271.1. Claimant contends that Musso's appeal to this Court is not grounded in fact or warranted by existing law or a good faith argument for an extension, modification, or reversal of existing law. Claimant also alleges that Musso's appeal was undertaken to harass, cause unnecessary delay, or needlessly increase litigation costs.

> To establish a basis for sanctions, the record and existing law must be sufficient to establish that, after reasonable inquiry, [Musso's] could not have formed a reasonable belief that its [appeal] was "warranted by existing law."
>
> We need not decide whether [Musso's] position was actually "warranted by existing law." In assessing conduct which is allegedly in violation of Code § 8.01-271.1, we apply an objective standard of reasonableness. We also resolve any doubts in favor of [Musso's], and eschew the wisdom of hindsight.

County of Prince William v. Rau, 239 Va. 616, 620, 391 S.E.2d 290, 292-93 (1990) (citation omitted) (footnote omitted).

Under the facts and circumstances of this case, Musso's could have formed the reasonable belief that its appeal was warranted by existing law. Furthermore, nothing shows that Musso's appeal was undertaken to harass, cause unnecessary delay, or needlessly increase litigation costs. Accordingly,

claimant's request for an assessment of sanctions against

Musso's, pursuant to Code § 8.01-271.1, is denied.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>
